## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STATE OF LOUISIANA,** *EX REL.* **GRACE RANCH, LLC** | * | **CIVIL ACTION NO.** |
| | * | **SECTION** |
| **versus** | | |
| | * | **HONORABLE** |
| **BP AMERICA PRODUCTION COMPANY and BHP BILLITON PETROLEUM (AMERICAS), INC.** | * | **MAGISTRATE** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

Defendant, BHP Petroleum (Americas), Inc. ("BHP") (formerly known as BHP Billiton Petroleum (Americas), Inc.), appearing herein through undersigned counsel, with full reservation of all defenses, objections and rights, hereby removes to this Court the civil action now pending in the 31st Judicial District Court for the Parish of Jefferson Davis Parish, State of Louisiana, entitled *State of Louisiana, Ex. Rel. Grace Ranch, LLC v. BP America Production Company and BHP Billiton Petroleum (Americas), Inc.*, No. C-482-19, upon showing that:

## BACKGROUND

### I.

On or about July 24, 2019, Grace Ranch, LLC ("Grace Ranch"), purportedly on behalf of the State of Louisiana, filed an action for injunctive relief and for costs and attorney fees in the 31st Judicial District Court for the Parish of Jefferson Davis, State of Louisiana, entitled *State of Louisiana, Ex. Rel. Grace Ranch, LLC v. BP America Production Company and BHP Billiton Petroleum (Americas), Inc.*, No. C-482-19, as is evidenced by a copy of the petition ("Petition"),

1

which is attached hereto as Exhibit 1, as required by 28 U.S.C. § 1446.  Grace Ranch alleged that it owns property in Jefferson Davis Parish that has been contaminated and otherwise damaged by oil and gas operations and production activities of BHP and defendant BP America Production Company (collectively "Defendants").  Grace Ranch further alleged that Defendants are in violation of Statewide Order 29-B and other regulations and orders of the Department of Natural Resources and Office of Conservation by failing to remediate the property.

II.

Grace Ranch has previously filed a lawsuit regarding this same tract of land.  In October of 2011, Grace Ranch Inc., which, upon information and belief, became Grace Ranch, LLC in December of 2011, filed suit against Defendants, *inter alia*, alleging contamination to the same tract and seeking remediation and damages, in a suit entitled *Grace Ranch Inc. v. BP America Production Company, et al*, No. C-705-11, 31st Judicial District Court for the Parish of Jefferson Davis, State of Louisiana.  This first suit was dismissed against Defendants in September of 2017, partly on the basis that Louisiana's subsequent purchaser doctrine barred Grace Ranch from suing Defendants for damage to the property that occurred before its purchase.  The Third Circuit Court of Appeal for the State of Louisiana unanimously affirmed the district court's judgment, and the Louisiana Supreme Court denied the writ application filed by Grace Ranch.

III.

In its Petition, Grace Ranch now seeks an injunction requiring Defendants to remediate the property to a level that complies with regulatory standards and restraining Defendants from further violating applicable regulations.  Grace Ranch also seeks attorney's fees and costs related to environmental evaluation, including expert costs.

IV.

As set forth below, this suit is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a)(1).

## GROUNDS FOR REMOVAL

V.

This action is one which may be removed to this Court under § 1332(a)(1) by BHP, pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

VI.

The Petition identifies the plaintiff as The State of Louisiana, *ex rel.* Grace Ranch, LLC.

VII.

Grace Ranch's attempt to name The State of Louisiana as plaintiff and to file suit on its behalf is improper.

VIII.

The State of Louisiana is not a proper plaintiff because there is no authority for Grace Ranch, a private citizen, to bring this action in the name of The State of Louisiana, and because Grace Ranch is the real party in interest.

IX.

The Commissioner of the Office of Conservation of the Louisiana Department of Natural Resources ("Commissioner") is authorized to bring a suit to restrain a violation of a law, regulation, or order with respect to the conservation of oil or gas, not a private citizen on behalf of the Commissioner.  La. R.S. 30:14 ("Whenever it appears that a person is violating or is

3

threatening to violate a law of this state with respect to the conservation of oil or gas, or both, or a provision of this Chapter, or a rule, regulation, or order made thereunder, the commissioner shall bring suit to restrain that person from continuing the violation or from carrying out the threat.").

X.

If a person in interest is adversely affected by a violation, he may notify the Commissioner in writing and request that the Commissioner sue to prevent further violations. La. R.S. 30:16. If the Commissioner fails to bring suit within ten days to restrain a violation, the "person in interest…may bring suit to prevent any or further violations." La. R.S. 30:16. La. R.S. 30:16 does not authorize a person in interest to bring suit on behalf of The State of Louisiana. *See Mills v. Davis Oil Co.*, 11 F.3d. As Grace Ranch is not authorized to bring suit on behalf of the state, it should be treated as the party plaintiff for diversity purposes. *See Mouton v. Sinclair Oil & Gas Co.*, 410 F.2d 717 (5th Cir. 1969) (finding diversity where a state tax collector was acting unconstitutionally and therefore not a representative of the state and considering the tax collector's private status for purposes of diversity).

XI.

Even if a private party brings suit under La. R.S. 30:16, the Commissioner does not become a party until "a court holds that injunctive relief should be granted." La. R.S. 30:16 ("If the court holds that injunctive relief should be granted, the commissioner shall be made a party and shall be substituted for the person who brought the suit and the injunction shall be issued as if the commissioner had at all times been the complaining party."). Thus, the Commissioner may never become a party to this suit. Moreover, courts must look to the claims in the state court petition "at the time of removal to assess diversity jurisdiction." *Manguno v. Prudential Prop. &*

4

*Cas. Ins. Co.*, 276 F.3d 720, 723 (5ᵗʰ Cir. 2002).  Because Grace Ranch is the real party in interest, diversity exists to establish jurisdiction.

## XII.

Grace Ranch is not authorized to bring suit on behalf of The State of Louisiana and is therefore the real party in interest.  Grace Ranch's citizenship should be considered for diversity. *Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980).

## XIII.

At the time of the filing of this action and since that time, upon information and belief, Grace Ranch was and is now a Louisiana limited liability company.  *See* Exhibit 1.  Upon information and belief, Grace Ranch's members are Staci R. Thibodeaux, a natural citizen of Louisiana, and Chris B. Thibodeaux, a natural citizen of Louisiana.

## XIV.

At the time of the filing of this action and since that time, BHP was and is now a Delaware corporation with its principal place of business in Texas.

## XV.

At the time of the filing of this action and since that time, BP was and is now a Delaware corporation with its principal place of business in Texas.

## XVI.

Grace Ranch has not specifically pled an amount in controversy; however, it is "facially apparent" that the amount exceeds $75,000, exclusive of interest and costs.  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5ᵗʰ Cir. 1999).  In addition to remediation, Grace Ranch also seeks "all costs attributable to producing that portion of the evidence that directly relates to the establishment of environmental damage, including, but not limited to, expert witness fees,

5

environmental evaluation, investigation and testing, the cost of developing a plan of remediation, and reasonable attorney fees." *See* Exhibit 1.  Upon information and belief and denying any and all liability, BHP asserts that the amount in controversy arising from the plaintiff's allegations exceeds $75,000.00, exclusive of interest and costs.

## TIMELINESS

### XVII.

BHP was served with a copy of the citation and petition on August 8, 2019.  *See* Exhibit 1.  This Notice of Removal is timely filed within thirty days from the date of receipt of service of the state court action, which was BHP's first notice of the filing of the state court action, as required by 28 U.S.C. § 1446(b).

### XVIII.

Besides the filing of the petition in the state court, no other action has been taken in the state court proceedings. BHP attaches hereto a copy of all process, pleadings, and orders in the state court action along with this Notice of Removal. These documents *in globo* constitute the entire record of the state court action as of the date of this filing.

## VENUE

### XIX.

Venue of the removed action is proper in this Court as it is the district court for the district where the state court action is pending, pursuant to 28 U.S.C. § 1441(a).

## CONSENT

### XX.

Defendant, BP America Production Company, was served on August 8, 2019, and consents in writing to the removal of this action.  Attached as Exhibit 2.

## NOTICE

XXI.

Undersigned counsel certifies that a copy of this Notice will be promptly served on the plaintiff by mailing a copy of it to its counsel of record, Matthew B. Keating, Mudd Bruchaus & Keating, L.L.C., 401 E. College Street, Lake Charles, Louisiana, 70605.

XXII.

Undersigned counsel certifies that a Notice of Filing Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed with the Clerk of Court for the 31st Judicial District Court for the Parish of Jefferson Davis, State of Louisiana.

WHEREFORE, BHP Petroleum (Americas), Inc. prays that this Court recognize jurisdiction over said suit and over these proceedings and that the suit be removed to this Court for further proceedings in accordance with law.

Respectfully submitted,

s/April L. Rolen-Ogden
R. Keith Jarrett, T.A. (Bar #16984)
Kelly T. Scalise (Bar #27110)
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email:        rkjarrett@liskow.com
                  ktscalise@liskow.com

and

7

April L. Rolen-Ogden (Bar #30698)
Michael H. Ishee (Bar #36507)
**LISKOW & LEWIS**
822 Harding Street
Lafayette, Louisiana 70503
Telephone:      (337) 232-7424
Facsimile:      (337) 267-2399
Email:          arolen-ogden@liskow.com
                mhishee@liskow.com

**Attorneys for BHP Petroleum (Americas), Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of September, 2019, a copy of the foregoing pleading was filed electronically with the Clerk of Court of the Western District of Louisiana by using the CM/ECF System.  Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

s/April L. Rolen-Ogden
APRIL L. ROLEN-OGDEN