UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STATE OF LOUISIANA, *EX REL.* GRACE RANCH, LLC | * * * | CIVIL ACTION NO. 2:19-cv-1182 |
| VERSUS | * * | |
| BP AMERICA PRODUCTION COMPANY and BHP BILLITON PETROLEUM (AMERICAS), INC. | * * * | JUDGE JAMES D. CAIN, JR. MAGISTRATE KATHLEEN KAY |

## REPLY MEMORANDUM

**MAY IT PLEASE THE COURT:**

This memorandum is respectfully submitted by State of Louisiana, *ex rel.* Grace Ranch, LLC, in further support of its motion to remand, and in specific response to the arguments raised by defendants in their opposition thereto.

Defendants arguments can be summarized as follows: 1) the State of Louisiana is not the real party in interest but is only a nominal party such that it should be ignored for determining diversity jurisdiction; 2) the Court should not consider *Burford* abstention because Grace Ranch has failed to explain why it should. Both arguments advanced by defendants ignore reality and are easily refuted.

### A. The State Of Louisiana Is THE Real Party In Interest

Defendants are right about one thing: Grace Ranch has no private claims left to bring and brings none here because *all* of Grace Ranch's private claims were dismissed with prejudice by the trial court on subsequent purchaser grounds and that judgment is now final.

1

Moreover, the State of Louisiana has issued a compliance order to these defendants to clean up the property, and they still have not done it. The soil and groundwater underlying the surface of the property have been tested and are heavily contaminated with chlorides, hydrocarbons, heavy metals, and other toxins.

The only claims Grace Ranch is bringing in this matter are claims that Grace Ranch is bringing *in a representative capacity* for the State of Louisiana. This is because that is the *only* capacity in which Grace Ranch can bring such claims under La. R.S. 30:16.

A **"state is a real party in interest in cases where the state** may or may not be a named party, but **has some type of** financial or **regulatory interest in the lawsuit, *even though the action is actually being prosecuted by a different person or entity*."**[1]

The goal of any lawsuit is an outcome, a resolution of some type. This is fundamentally obvious. There is only one successful outcome for plaintiff herein: injunctive relief is ordered as prayed for in the petition for defendants to clean up the contamination on the subject property. **If such injunctive relief is ordered, IT WILL BE IN THE NAME OF THE STATE OF LOUISIANA AND THE STATE OF LOUISIANA WILL BE THE ONLY PARTY THAT CAN ENFORCE IT.** "If the court holds that injunctive relief should be granted, the

---

[1] *New Mexico ex rel. Nat'l Educ. Ass'n of New Mexico, Inc. v. Austin Capital Mgmt. Ltd.*, 671 F.Supp.2d 1248, 1251 (D.N.M.2009)(state *qui tam* action filed by domestic non-profit corporation under New Mexico Fraud Against Taxpayer's Act) (emphasis added), citing *Bosse v. Pitts*, 455 F.Supp.2d 868 (W.D.Wis.2006) (state's crime-victim-compensation program was real party in interest in plaintiff's civil lawsuit, because program had subrogation interest in plaintiff's potential recovery, to extent program had paid moneys to victim); *West Virginia ex rel. McGraw*, 354 F.Supp.2d at 665 (state was real party in interest, because state potentially stood to recover hundreds of millions of dollars it had paid out for workers' medical care); *State of Colorado ex rel. Land Acquisition Comm'n v. American Mach. & Foundry Co.*, 143 F.Supp. 703 (D.Colo.1956) (state was real party in interest to condemnation action brought by Commission, acting as agent of the state).

commissioner shall be made a party and shall be substituted for the person who brought the suit and the injunction shall be issued as if the commissioner had at all times been the complaining party."[2] The statute itself says the State is the real party in interest, yet defendants are asking this Court to ignore that.

If the goal of any lawsuit is an outcome, and the only positive outcome for plaintiff herein is an injunction, and the only party in whose name the injunction can be issued is the State of Louisiana, the only logical conclusion is that the State is "the real party in interest" as opposed to a "nominal party." Defendants fail to make any compelling arguments to the contrary.

## II. *Burford* Abstention Was Made For Cases Like This One

The State of Louisiana is the real party in interest here. However, in the event the Court finds otherwise, the Court should nonetheless decline to exercise jurisdiction over this matter pursuant to the *Burford* doctrine.

Defendants argue that Grace Ranch has failed to explain why *Burford* applies; yet, ironically, defendants failed in their opposition to make any compelling argument why it should not apply.

Defendants ignore the fact that the State of Louisiana has already issued a compliance order to them to remediate the subject property, and defendants further ignore the fact that they have ignored the compliance order. With an existing compliance order from the State, how can defendants argue that there are no overriding state regulatory interests involved here that should be left to a state court to navigate?

---

[2] La. R.S. 30:16.

3

While the procedural posture of the *Guilbeau* case may have been different, the substance of the case was identical: it was a post-legacy-dismissal 30:16 suit brought by a landowner in place of or as representative of the Commissioner, just as here. Judge Drell's *Burford* analysis is therefore identical in substance to that which the Court should undertake here. A reading of Judge Drell's succinct and decisive reasoning for finding overwhelmingly in favor of exercising *Burford* abstention says it all:

> Given the "comprehensive scheme for the enforcement of oil and gas obligations" Louisiana has established, Verona Entergy Inc. v. J. K. Petroleum Inc., No. CV 15-2893, 2016 WL 1436690, at *2 (W.D. La. Apr. 11, 2016), the <u>Burford</u> doctrine is implicated in this case.[22] First, deciding whether § **30:16** applies to past violations will profoundly impact oil and gas legacy litigation, remediation of contaminated state land, and property sales throughout the state. These broad policy issues are of substantial public import and clearly transcend the question of who should pay for the remediation of this particular plot of land. Second, given the pending § **30:16** legacy suits throughout Louisiana, the Court's review of this question could significantly disrupt state efforts to establish a coherent policy for the remediation of contaminated state land. The Court will analyze the relevant factors individually to fully explore whether abstention under <u>Burford</u> is required.
>
> 1. <u>State Law Cause of Action</u>
> Guilbeau's claims arise under § **30:16**. This factor weighs in favor of abstention.
>
> 2. <u>Unsettled issue of State Law</u>
> The threshold issue in this case is whether § **30:16** applies to past violations. There is no final decision of a state appellate court that answers this question. This factor supports abstention.
>
> 3. <u>Important State Interest</u>
> Two important and intertwined state interests are at issue in this case: (1) the future of oil and gas legacy litigation; and (2) the future of the remediation of contaminated land. Louisiana state courts spent years grappling with oil and gas legacy suits. If the Court were to rule that § **30:16** does apply to past violations, this could largely undo the limitations on oil and gas legacy suits put in place by the Louisiana Supreme Court. If the Court were to rule that § **30:16** does not apply to past violations, this could hamper efforts at remediating contaminated land, a vital interest enshrined in the Constitution of Louisiana. This factor weighs in favor of abstention.

4. <u>Coherent State Policy</u>
As discussed above, there are § **30:16** claims before both state and federal courts throughout Louisiana. There is a strong possibility that a ruling by the Court could conflict with rulings in other courts. Such inconsistencies would create an uncertain, and thus unequitable, system for determining who bears the responsibility for remediation of contaminated land until the Louisiana Supreme Court ultimately ruled on the matter. This factor supports abstention.

5. <u>Special State Judicial Forum</u>
Section **30:16** states that a suit may be brought "in the district court of any parish in which the commissioner could have brought the suit [under § 30:14]." La. Stat. Ann. § **30:16**. Section 30:14 provides that "[v]enue shall be in the district court in the parish of the residence of any one of the defendants or in the parish where the violation is alleged to have occurred or is threatened." La. Stat. Ann. § 30:14. Thus, there is no special state forum for judicial review of suits brought under § **30:16**. This factor does not support abstention.

6. <u>The Burford Factors Weigh in Favor of Abstention</u>
\*8 On balance, the <u>Burford</u> factors weigh in favor of abstention from this case. The Court is particularly cognizant of the important state interests in play and the need for a coherent state policy. The resolution of the issue at hand will have a monumental impact on the condition and value of state land. Moreover, Louisiana state courts are already examining whether § **30:16** applies to past violations, and the question will almost assuredly reach the Louisiana Supreme Court eventually. Given the extensive body of Louisiana case law on oil and gas legacy suits and the idiosyncratic statutory scheme of § 30:14 and § **30:16**, the Court finds that a ruling on this matter at this point in time would be disruptive. Once the Louisiana Supreme Court has clearly indicated its position on the matter, the Court may exercise jurisdiction over future § **30:16** claims when appropriate.

The Court fully appreciates its duty to exercise its jurisdiction absent exceptional circumstances. However, this suit, which concerns a unique state statutory scheme designed to address interests that are uniquely important to the state, presents such exceptional circumstances. The fact that these novel claims began proliferating after Louisiana state courts carefully delineated the parameters of oil and gas legacy suits further warrants restraint from the Court to ensure it does not disturb a painstakingly developed body of law. Thus, the Court must abstain from further consideration of this matter.

*Guilbeau v. BEPCO, L.P.*, 2019 WL 3801647 (W.D. La. 8/12/19), pp. 7-8.

## VII. CONCLUSION

If Grace Ranch prevails in this matter, an injunction will be issued **in the name of the State of Louisiana**. The State of Louisiana will then have the sole right and ability to enforce that injunction. A "real party in interest" question has never been more easily answered than here.

Alternatively, this Honorable Court should exercise its sound discretion to abstain from jurisdiction over this matter pursuant to the *Burford* doctrine for the very same reasons Judge Drell did in the *Guilbeau* case, as artfully set forth therein.

This Honorable Court should remand this matter back to the 31st Judicial District Court, Parish of Jefferson Davis, State of Louisiana.

By attorneys:

*/s/ David P. Bruchhaus*
Chad E. Mudd #25188
David P. Bruchhaus #24326
M. Keith Prudhomme #14336
Matthew P. Keating #30911
MUDD BRUCHHAUS & KEATING, L.L.C.
410 E. College St.
Lake Charles, LA 70605
Tele: (337) 562-2327
Fax: (337) 562-2391

*and*

Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
Todd J. Wimberley, Bar #34862
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
TALBOT, CARMOUCHE & MARCELLO

6

17405 Perkins Road  
Baton Rouge, LA 70810  
Telephone: (225) 400-9991  
Fax: (225) 448-2568

**ATTORNEYS FOR PETITIONER**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4TH day of November, 2019, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system and that, by operation of the CM/ECF system, all counsel of record have been served with a copy of this filling.

/s/ David P. Bruchhaus