UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| STATE OF LOUISIANA, *EX REL.* GRACE RANCH, LLC | : | CIVIL ACTION NO. 19-1182 |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| BP AMERICA PRODUCTION COMPANY, ET AL. | : | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiff, State of Louisiana ("the State") ex rel. Grace Ranch, LLC ("Grace Ranch"). Doc. 11. Grace Ranch also includes in its motion a request for abstention. *Id.* Both remand and abstention are opposed by defendants BP America Production Company and BHP Petroleum (Americas), Inc.  Doc. 15.  This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Remand be **DENIED** and, as that the State of Louisiana is not a party to this litigation, any reference to the State of Louisiana as a party should be removed. **IT IS FURTHER RECOMMENDED** that Grace Ranch's request for abstention be **DENIED**.

I.
BACKGROUND

On July 24, 2019, Grace Ranch filed an action in the 31st Judicial District Court, Parish of Jefferson Davis, Louisiana, alleging its property had been damaged by defendants' oil and gas exploration and production activities. Doc. 1, att. 1, p. 3.  It seeks an injunction ordering

remediation, and the costs associated with such remediation, of its allegedly contaminated property in Jefferson Davis Parish. *Id.* at 4. It claims it is entitled to bring a lawsuit on behalf of itself, the Commissioner, and the State, under La. R. S. § 30:14 and § 30:16. *Id.* at 6.

On September 9, 2019, defendants removed the suit to this Court on the basis of diversity jurisdiction. Doc. 1. Grace Ranch seeks remand alleging this Court lacks subject-matter jurisdiction because the State cannot be a citizen of itself for diversity purposes. Doc. 11. Alternatively, it argues we should abstain from exercising jurisdiction pursuant to the *Burford* doctrine. *Id.* Defendants oppose remand. Doc. 15. They argue that Grace Ranch lacks authority to bring suit in the name of the State of Louisiana and, alternatively, they argue that the State of Louisiana is, at most, a nominal party. *Id.* Defendants also oppose Grace Ranch's request for abstention, arguing that abstention pursuant to *Burford* is not warranted in this case. *Id.*

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). The removing defendant bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

### A. Diversity

Defendants cite the § 1332 diversity provisions as our sole basis for jurisdiction in this case. It is undisputed that complete diversity exists between Grace Ranch, a Louisiana Limited Liability Company's whose only members are Louisiana citizens, and the defendants, both

Delaware corporations with their principal places of business in Texas. *See* Doc. 1, p. 5. However, Grace Ranch argues that diversity jurisdiction does not exist because the State is a named party in this case. *See* Doc. 11, att. 1, p. 2. Defendants argue that Grace Ranch lacks authority to bring suit in the name of the State of Louisiana and, alternatively, they argue the State of Louisiana is, at most, a nominal party. Doc. 15, pp. 10-17.

### 1. *Whether the State is a Proper Party*

Ordinarily, where a state is a party, there can be no federal jurisdiction based on diversity of citizenship because a state is not a citizen of itself. *See La. v. Union Oil Co. of Cal.*, 458 F.3d 364, 366 (5th Cir. 2006).  Notably however, a party may sue in the name of the State only if he has statutory authority to do so. *Watson v. Arkoma Dev., LLC.*, 2018 WL 1311208, at *2 (W.D. La. Feb. 13, 2018); see also *Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc.*, 64 F. Supp.3d 872, 889 (E.D. La. 2014) (holding Louisiana law does not allow self-appointed interlopers to institute legal action on behalf of the State without legal authority to do so).

Grace Ranch cites La. R. S. § 30:16 as its authority to bring this suit *ex rel.* rather than on its own behalf. Doc. 1, att. 1, p. 6.  La. R. S. § 30:16 allows a person whose interest has been adversely affected to bring suit to prevent any violations provided in La. R. S. § 30:14. Before filing the action, the claimant must notify the Louisiana Commissioner of Conservation ("the Commissioner") in writing of the violation. *Id.* If the court holds that injunctive relief should be granted, the Commissioner "shall be made a party and shall be substituted for the person who brought the suit and an injunction shall be issued as if the Commissioner had all times been the complaining party." La. R. S. § 30:16. However, the statute does not grant an interested person authority to sue in the name of the State. *Id.*  This district has repeatedly found that plaintiffs who bring suit pursuant to La. R.S. § 30:16 lack the statutory authority to sue in the name of the State

of Louisiana. *Louisiana ex rel. Tureau v. Bepco, L.P.*, 2018 WL 6843512 (W.D. La. Oct. 15, 2018); *Watson*, 2018 WL 1311208; *Louisiana ex rel. Guilbeau v. Bepco, L.P.*, 2018 WL 4869389 (W.D. La. June 18, 2018). Accordingly, as Grace Ranch has no authority to sue on behalf of the state under § 30:16, the State is not a proper party.

### 2.  *Whether the State is a Nominal Party*

Where the state is a "nominal party" its presence does not destroy complete diversity and the court may disregard the State for purposes of determining diversity jurisdiction. *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985) ("In determining diversity jurisdiction, . . . the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, *even though they may be required by law or court order to join in the lawsuit*.") (emphasis added). The State is considered a nominal party where it has no real interest in the outcome of the litigation. *Id.* To determine whether the State has a real interest in the litigation the court considers whether it "can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to [it].'" *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970)). This decision must be guided by practical considerations. *Union Oil Co. of California*, 458 F.3d at 367.

Grace Ranch argues the state is the real party in interest in this suit because the suit seeks "remediation of property in the State of Louisiana for the welfare, protection and benefit of the public at large." Doc. 11, p. 1. However, a state's general governmental interests in the welfare of all its citizens and in securing compliance with all its laws are not sufficient to make a state a real party in interest. *See Mo., Kan., & Tex. Ry. Co. v. Hickman,* 22 S.Ct. 18, 21 (1901). This district

has repeatedly found that the State has only a general interest in suits brought by private parties under La. R.S. § 30:16. *See Tureau*, 2018 WL 6843512; *Watson*, 2018 WL 1311208; *Guilbeau,* 2018 WL 4869389.  Moreover, although Grace Ranch maintains the State is a real party because *State law* gives it the right to pursue claims [doc. 11, att. 1, p. 11; doc. 16, p. 2], several courts have pointed out that the procedure outlined by La. R.S. 30:16 makes clear that the court can enter a final judgment in absence of the State. *See Guilbeau.*, 2018 WL 4869389, at *4; *See also* 2019 WL 3801647, *7, n. 22 (W.D. La. Aug. 12, 2019). As articulated by Magistrate Judge Perez-Montes,

> La. R.S. 30:16 requires a court to make the Commissioner a party only after a judgment is made. La. R.S. 30:16. The statute indicates that a court could sufficiently enter a final judgment consistent with equity in the absence of the Commissioner or the State. *Id.* Accordingly, the State is not a real party in interest.

*Guilbeau.*, 2018 WL 4869389, at *4.

Grace Ranch cites a number of sources that supposedly establishes the State's particular interest in this suit. *See Id.* at p. 4 (citing La. Const. Art. IX, § 1), 5-7 (citing  La. R.S. § 30, *et seq.*; La R.S. § 36:358, and standards set forth in Louisiana Statewide Order No. 29-B).  However, these sources only support the notion that the State has a generalized interest in preventing pollution. At its core, this suit is a land owner seeking to recover for property damage and the State is not a real party in interest. Accordingly, as the State is not a real party in interest and La. R. S. § 30:16 does not authorize Grace Ranch to bring a suit on behalf of the State, the state should be disregarded for diversity purposes. Finding complete diversity between Grace Ranch and defendants, we find that we have jurisdiction and we recommend that the Motion for Remand be denied.

### B. *Burford* **Doctrine**

Grace Ranch argues that even if we find diversity jurisdiction in this case, we should abstain from exercising it. Doc. 11, att. 1, p. 12. It argues this case involves unsettled issues of State law that are more appropriately left to the State court for determination. *See Id.* at 12-13. Defendants argues abstention is unwarranted or otherwise premature. Doc. 15, pp. 17-21.

Under *Burford*, a district court may, in its sound discretion, abstain from exercising its equity jurisdiction where doing so would "be prejudicial to the public interest." *Burford v. Sun Oil Co.*, 63 S.Ct. 1098, 1199 (1943) (citation omitted). Such instances occur,

> (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*New Orleans Public Service, Inc. v. Council of City of New Orleans*, 109 S.Ct. 2506, 2514 (1989) (quoting *Colorado River Water Conservation Dist. v. United States*, 96 S.Ct. 1236, 1245 (1976)).

To determine whether either of these conditions are met, the Fifth Circuit considers:

> (1) whether the cause of action arises under federal or state law; (2) whether the case requires inquiry into unsettled issues of state law, or into local facts; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in that area; and (5) the presence of a special state forum for judicial review.

*Jefferson Cmty. Health Care Centers, Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 623 (5th Cir. 2017) (citations omitted).

When considering whether to apply *Burford*, it is important to consider the historical context of the specific issue examined by the *Burford* Court. In *Burford*, Sun Oil Co. attacked the validity of a permit issued by the Texas Railroad Commission granting Burford permission to drill four wells in the East Texas Field.   The order under consideration was part of a general regulatory

system devised for the conservation of oil and gas in Texas devised by the state to protect public and private oil and gas interests throughout the state. To aid in these conservation efforts, the State vested the Railroad Commission, "with broad discretion in administering the law" [*id.* at 1100 (internal citations and quotations omitted)] which included empowering the Railroad Commission to establish oil production quotas as well as spacing regulations. *Id.* at 1101. These quota and spacing determinations were made in consideration of numerous factors, and, given the complexities and importance of these determinations, the Texas legislature established a system of thorough judicial of rulings made by the Railroad Commission. *Id.* at 1103.  As commented by the Supreme Court,

> In describing the relation of the Texas court to the Commission no useful purpose will be served by attempting to label the court's position as legislative, or judicial—suffice it to say that the Texas courts are working partners with the Railroad Commission in the business of creating a regulatory system for the oil industry.

*Id.* at 1103 (internal citations omitted).  It was in consideration of this complex regulatory scheme, and the "basic problems of Texas policy" involved in the case that the Supreme Court reasoned "that equitable discretion should be exercised to give the Texas courts the first opportunity to consider [the issues raised by plaintiffs]." *Id.* at 1107.

Post-*Burford*, federal courts rarely abstain from exercising their jurisdiction. Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. U.S.*, 96 S.Ct. 1236, 1246 (1976) (citation omitted). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 1244.  As stated by the Supreme Court in *Quackenbush v. Allstate Ins. Co.*,

> "[T]he power to dismiss under the *Burford* doctrine . . . derives from the discretion historically enjoyed by courts of equity. . . Ultimately, what is at stake is a federal court's decision based on a careful consideration of the federal interest in retaining jurisdiction over the dispute and the competing

concern for the independence of state action that the State's interests are paramount and that a dispute would be best adjudicated in a state forum. . . [The] balance [of these interests] only rarely favors abstention, and the power to dismiss recognized in *Burford* represents **an extraordinary and narrow** exception to the duty of the District Court to adjudicate a controversy properly before it.

116 S.Ct. 1712, 1726-27 (1996) (internal citations and quotations omitted) (emphasis added).

Grace Ranch's claim in its complaint is that, pursuant to La. R. S. § 30:16, it is entitled to remediation of its property allegedly damaged by defendants' oil and gas activities. As Grace Ranch notes [doc. 11, att. 1, p. 13], recently when similar relief was sought by the plaintiff in *Guilbeau v. BEPCO, L.P,* Judge Drell abstained from exercising jurisdiction. 2019 WL 3801647 (Aug. 12, 2019).[1] However, defendants point out that the abstention in *Guilbeau* was issued in connection with a motion to dismiss and not a motion to remand. Doc. 15, p. 21.  They argue the state policy issues discussed in *Guilbeau* are not yet before us and they urge us to consider only whether jurisdiction exists in this case. *See Id.* at 21. We agree.

Unlike the plaintiffs in *Burford*, Grace Ranch is not asking us to overturn an administrative ruling and there is no clear indication that the adjudication of its claims in this court will disrupt any complex state administrative scheme. Rather, Grace Ranch argues abstention is appropriate because the nature of its claims involve unsettled issues of law.  As the Supreme Court has repeatedly highlighted [*see Colorado River Water Conservation Dist.,* 96 S.Ct. at 1246; *see also Quackenbush v. Allstate Ins. Co.*, 116 S.Ct. at 1727] the Burford doctrine is extremely narrow and sparingly used. We have jurisdiction in this case. It's not our province to anticipate what issues plaintiff may raise that could cause us to make any *Erie*-type determination and the matter can be

---

[1] In *Guilbeau v. BEPCO, L.P,* 2019 WL 3801647 (Aug. 12, 2019), Judge Drell noted that private parties have only recently attempted to recover under § 30:16 for "past violations" [*id.* at *3] and the Louisiana courts have yet to determine the validity of these claims.  *Id.* at *5. Applying the *Burford* factors, he reasoned that abstention was appropriate until the Louisiana Supreme Court has clearly indicated whether § 30:16 applies to past violations. *Id.* at *8.

addressed again when, and if, those issues are raised. Accordingly, we recommend that Grace Ranch's request for abstention be denied.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Remand be **DENIED** and, as the State of Louisiana is not a party to this litigation, any reference to the State of Louisiana as a party should be removed. **IT IS FURTHER RECOMMENDED** that Grace Ranch's request for abstention be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 10th day of February, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE