UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STATE OF LOUISIANA, EX REL., GRACE RANCH, LLC** | **CASE NO. 2:19-CV-01182** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BP AMERICAN PRODUCTION CO., ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the Court is a Report and Recommendation (Rec. 17) wherein the Magistrate Judge recommends that the Motion to Remand[1] be denied. The undersigned agrees with the Magistrate Judge's analysis that the State of Louisiana is not a real party in interest to this litigation and thus should be disregarded for diversity purposes. However, for the reasons set forth below, the Court is inclined to abstain from this purely state law litigation and remand the matter.

Burford abstention is appropriate "where the issues 'so clearly involve basic problems of [State] policy' that the federal courts should avoid entanglement."[2] Under the *Burford* doctrine, a district court may, in its sound discretion, abstain from exercising its equity jurisdiction where doing so would "be prejudicial to the public interest." *Burford v. Sun Oil Co.*, 63 S.Ct. 1098, 1099.

---

[1] Rec. 11.
[2] *Aransas Project v. Shaw,* 775 F.3d 641, 649 (5th Cir. 2014) (citing *Burford*, 319 U.S. at 332).

A federal court sitting in equity must decline to interfere with the proceeding of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Pub. Serv., Inc., v. Council of City of New Orleans,* 491 U.S. 350, 361 (1989) (citations omitted).

The Fifth Circuit considers the following factors in determining whether to exercise the *Burford* abstention: "(1) whether the cause of action arises under federal or state law; (2) whether the case requires inquiry into unsettled issues of state law, or into local facts; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in the area; and (5) the presence of a special state forum for judicial review."[3]

There is no doubt that this lawsuit arises under state law.[4] As noted by Plaintiffs, resolution of this case involves an unsettled area of Louisiana law, as well as local facts. The state interests are involved regarding the legacy litigation and the remediation of contaminated land. The resolution of Plaintiff's claims is better suited in state court, in order for the state judicial system to fashion a coherent state policy concerning the applicability of Louisiana Revised Statute § 30:16.

The Court finds that these factors favor abstention and will respectfully abstain from further consideration of this matter. Accordingly, it is

---

[3] *Jefferson Cmty. Health Care Centers, Inc. v. Jefferson Par. Gov't,* 849 F.3d 615, 623 (5th Cir. 2017).
[4] La. R. S. 30:16 and La. R.S. 30:14.

**ORDERED** that the Motion to Remand (Rec. 11) is hereby **GRANTED** and the matter is **REMANDED** to the 31st Judicial District Court, Parish of Jefferson Davis, State of Louisiana.

**THUS DONE AND SIGNED** in chambers on this 25th day of March, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**