## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

STATE OF LOUISIANA                    CASE NO.  2:19-CV-01182

VERSUS                                JUDGE JAMES D. CAIN, JR.

B P AMERICA PRODUCTION CO ET AL    MAGISTRATE JUDGE KAY

### MEMORANDUM RULING

Before the Court is a "Motion to Dismiss pursuant to Rule 12(B)(6)" [Doc. 32] filed by defendants BP American Production Company and BHP Petroleum (Americas), Inc. Defendants move this Court to dismiss Grace Ranch, LLC's ("Grace Ranch") lawsuit, with prejudice, pursuant to the *res judicata* doctrine. Plaintiff opposes this motion [Doc. 36]. Accordingly, this motion is fully briefed and ready for ruling.

### BACKGROUND

In 2011, Grace Ranch filed a traditional "legacy" lawsuit[1] in Louisiana state court, alleging that Defendant's historical oil and gas activities damaged its property. Doc. 32-2 *Petition for Damages filed in the 31st Judicial District Court for the Parish of Jefferson Davis.* Grace Ranch asserted claims against Defendants in tort, contract, and under Louisiana's Mineral Code, and sought both money damages and injunctive relief requiring Defendants to clean up its property. The state court dismissed the lawsuit with prejudice pursuant to the "subsequent purchaser doctrine" because Grace Ranch did not own the

---

[1] "Legacy litigation" refers to the cases filed by landowners in recent decades seeking damages allegedly caused by historical oil and gas operations. *Marin v. Exxon Mobil Corp.*, 09-2368, 09-2371 (La. 10/19/10), 48 So. 3d 234, 238.

property when the alleged damage occurred. Doc. 32-2. That decision was affirmed on appeal. *Grace Ranch, LLC v. BP Am. Prod. Co.*, 17-1144 (La. App. 3 Cir. 7/18/18), 252 So. 3d 546, *writ denied*, 18-1655 (La. 2/18/19), 264 So. 3d 450.

After its first case was dismissed, Grace Ranch sent a letter to the Louisiana Commissioner of Conservation, alleging that Defendants and others had committed violations of state regulations. Doc. 1-1 p. 11. The letter referred to La. R.S. 30:16, which provides that a party can file suit to restrain the alleged violation if the Commissioner fails to act. *Id.* Two years later, after no action was taken by the Commissioner, Grace Ranch filed the instant lawsuit against Defendants in the same state district court that dismissed its prior lawsuit. Doc. 1-1 p. 3-105.

Defendants timely removed the case based on diversity jurisdiction. Doc. 1 *Notice of Removal from 31st Judicial District Court for the Parish of Jefferson Davis.* Grace Ranch then moved to remand, claiming that (1) it filed suit in the name of the State of Louisiana, which defeats diversity jurisdiction, and (2) alternatively, the Court should abstain from hearing the case under the *Burford* abstention doctrine. Doc. 11 *Plaintiff's Motion for Remand.* This Court found diversity jurisdiction did exist, but granted the Motion to Remand and elected to abstain pursuant to the *Burford* abstention doctrine. Doc. 24

Defendants appealed this Court's remand order, and the Fifth Circuit found that diversity jurisdiction existed because "Louisiana is not a proper party or real party in interest" to Grace Ranch's La. R.S. 30:16 claim. *Grace Ranch, LLC v. BP Am. Prod. Co.*, 989 F. 3d 301 (5th Cir. 2021). After finding that diversity jurisdiction was met and

abstention not warranted, the Fifth Circuit remanded the case to this Court for further proceedings.

### RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).  The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  "Legal conclusions masquerading as factual conclusions will not suffice

to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.

## **LAW & ANALYSIS**

### a. *Res Judicata*

La. R.S. 13:4231, Louisiana's *res judicata* statute, provides, in pertinent part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent . . .

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The Louisiana Supreme Court has held that a party asserting *res judicata* must prove five elements: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the judgment in the first litigation; and (5) the cause of causes of action asserted in the second suit arouse out of the transaction or occurrence that was the subject matter of the first litigation. *Burguieres v. Pollingue*, 02-1385 (La. 2/25/03), 843 So. 2d 1049, 1052; *Oliver v. Orleans Parish Sch. Bd.*, 14-0329 (La. 10/31/14), 156 So. 3d 596, 612.

"Generally, a party cannot base a 12(B)(6) motion on res judicata. That doctrine must be pleaded as an affirmative defense." *Moch v. East Baton Rouge Parish School Bd.*, 548 F.2d 594, 596 n. 3 (5th Cir. 3/11/1977) (citing 5 Wright and Miller, Federal Practice and Procedure: Civil P 1357, at 604-610 (1st ed. 1969)). "Yet, if the trial court has treated the 12(B)(6) motion as one for summary judgment, its dismissal under 12(B)(6) is not reversible error." *Id.* (citing *Larter and Sons, Inc. v. Dinkler Hotel Co.*, 199 F.2d 854, 855 (5th Cir. 1952).

### b.  Analysis

*Identity of the Parties*

Defendants argue that a claim may be dismissed under Rule 12(B)(6) if a successful affirmative defense appears clearly on the face of the pleadings. Doc. 37. Defendants assert that the following facts are established in the petition. First, Grace Ranch is suing the same defendants as its prior suit. Defendants cite to Paragraph 7 of the petition which states that "the parties to this petition were previously dismissed from a lawsuit filed in this Court on the basis of the 'subsequent purchaser rule.'" Doc. 1-1. Second, the instant suit alleges a claim for the same alleged property damage based on the same historical conduct of Defendants. Defendants again cite to Paragraph 7 of the petition that alleges, even though its prior suit was dismissed, Grace Ranch now seeks remediation of the same "past pollution" on its property thought a newly asserted claim against Defendants under La. R.S. 30:16. *Id.* Accordingly, Defendants argue that the only difference in the two lawsuits is the legal theory asserted.

Grace Ranch argues that the doctrine of *res judicata* is inapplicable in the present case because of the lack of identity of the parties and core differences in the transactions or occurrences giving rise to the Plaintiffs' causes of action. Grace Ranch first argues that it is appearing in a different capacity. Doc. 36. Grace Ranch cites to two Louisiana First Circuit cases that have now held that Plaintiffs in La. R.S. 30:16 lawsuits do not appear in the same capacity as Plaintiffs in legacy lawsuits.

> [A]ccording to the plain language of La. R.S. 30:14 and 30:16, in bringing [an] action pursuant to La. R.S. 30:16, [the Plaintiff] is pursuing claims that belong to the Commissioner and for which the Commissioner is entitled to

relief. **As such, [a 30:16 Plaintiff] is representing the rights of the Commissioner.** Conversely, in [a legacy case], [the Plaintiff is] pursuing property damage claims on his own behalf and for which he [is] seeking to recover damages owed to him. (emphasis added).

*State ex rel. Tureau v. BEPCO, L.P.*, 20-0595 (La. App. 1 Cir. 10/07/21), 2021 WL 4618124, at *9 (quoting *State ex rel. Gulbeau v. BEPCO, L.P.*, 2021 WL 4260674, at *6).

La. R.S. 30:16 provides that:

> If the commissioner fails to bring suit within ten days to restrain a violation as provided in R.S. 30:14, any person in interest adversely affected by the violation who has notified the commissioner in writing of the violation or threat thereof and has requested the commissioner to sue, may bring suit to prevent any or further violations, in the district court of any parish in which the commissioner could have brought suit. If the court holds that injunctive relief should be granted, the commissioner shall be made a party and shall be substituted for the person who brought the suit and the injunction shall be issued as if the commissioner had at all times been the complaining party.

Grace Ranch argues that the language of La. R.S. 30:16 is unequivocal and provides that a "person in interest" is authorized to seek a judgment in favor of the Commissioner. Grace Ranch supports this assertion by pointing to the language that provides: "If the court holds that injunctive relief should be granted, the **commissioner shall be made a party** and **shall be substituted for the person who brought the suit and the injunction shall be issued as if the commissioner had at all times been the complaining party**." (emphasis added). As such, Grace Ranch argues that if the Commissioner is to be "substituted for the person who brought the suit," then the judgment must rationally be "in the name of" the Commissioner.

Grace Ranch asserts that when it filed its legacy suit, it was not pursuing claims on behalf of, or in the name of the Commissioner, and it had not right to seek a judgment in

the Commissioner's favor because Grace Ranch was pursuing its own claims. In contrast, Grace Ranch now asserts it is pursuing the Commissioner's claims in this suit.

In sum, Grace Ranch argues that in the legacy suit, there was a final judgment that resolved the issues between Grace Ranch and the defendants, but no final judgment that resolved the issues between the Commissioner and the defendants. As such, this suit is not barred by *res judicata* and should not be dismissed.

The Court is persuaded by this argument and finds that Grace Ranch does appear in a different capacity in this suit.

*Same Transactions or Occurrences*

Grace Ranch next argues that the timing of the facts give rise to its regulatory cause of action. Grace Ranch asserts that its claims in this case could not have been brought by Grace Ranch in its prior legacy suit, as the Commissioner did not refuse to pursue its La. R.S. 30:14 claims until after Grace Ranch's legacy case was dismissed and a letter demand was made to the Commissioner. Doc. 36. Grace Ranch asserts that had it prevailed in its legacy suit, it would have no reason to assert a La. R.S. 30:16 claim on behalf of the Commissioner, because its property would have been remediated to a higher standard under private law than the standards required by the Commissioner's regulations. *Id.* Ultimately, Grace Ranch argues that it did not acquire this cause of action until after the Commissioner refused to accede to his letter demand seeking injunctive relief, and therefore this is a new transaction or occurrence.

Defendants disagree and argue that Grace Ranch's letters to the Commissioner complain about the same conduct that formed the basis of its first suit. Doc. 37. Defendants

assert that the fact that Grace Ranch chose not to send the letters earlier does not mean that the claim under La. R.S. 30:16 did not exist until that time, but that Grace Ranch simply made a strategic decision not to send them. Defendants argue that plaintiffs should not be able to unilaterally control when his cause of actions arises and that *res judicata* s designed to prevent this type of claim-splitting. *Id.*

The Court finds that under La. R.S. 30:16, Grace Ranch did not acquire this cause of action until after the Commissioner refused to accede to his letter demand to seek injunctive relief. Accordingly, this is a new cause of action that did not exist at the time of the previous suit and the claims will not be dismissed.

## CONCLUSION

Accordingly,

For the reasons set forth above, Defendants' "Motion to Dismiss pursuant to Rule 12(B)(6)" [Doc. 32] is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 8th day of April, 2022.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**